## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                  **CRIMINAL ACTION**

**VERSUS**                                                            **NO. 15-168**

**LEON JACKSON JR.**                                              **SECTION I**

### ORDER AND REASONS

The Court has pending before it a motion[1] to suppress evidence filed by defendant, Leon Jackson Jr. ("Jackson"). The government has filed an opposition[2] and Jackson has filed a reply.[3] For the following reasons, the motion to suppress is denied.

Jackson is charged in counts one and two of a thirteen-count superseding indictment.[4] Count one charges that between a time prior to January 2014 and continuing until on or about April 27, 2015, in the Eastern District of Louisiana, Jackson and others conspired to distribute and to possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[5] Count two charges that on or about March 9, 2013, in the Eastern District of Louisiana, Jackson knowingly and intentionally possessed with the intent to distribute a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[6]

The present motion to suppress relates to a warrantless search of Jackson's vehicle during a traffic stop on March 9, 2013, the date of the incident charged in count two of the superseding

[1]R. Doc. No. 164.
[2]R. Doc. No. 170.
[3]R. Doc. No. 171.
[4]R. Doc. No. 74.
[5]R. Doc. No. 74, at 1-2.
[6]R. Doc. No. 74, at 2.

indictment.[7] Jackson's motion to suppress presents a narrow factual question: he contends that he did not consent to the search of his vehicle. Fortunately, as set forth below, the dash camera in the searching officer's vehicle recorded video and audio of the traffic stop which conclusively resolves this issue.[8]

"Unless an exception applies, an officer, before conducting a search, must (1) have probable cause to believe that contraband or evidence of a crime will be found in a particular place and (2) obtain a warrant." *United States v. Rounds*, 749 F.3d 326, 338 (5th Cir. 2014). "A search conducted pursuant to consent, however, remains one of the well-settled exceptions to the Fourth Amendment's warrant and probable-cause requirements." *Id.*

"When courts review a search justified by consent, there are four distinct issues." *United States v. Dilley*, 480 F.3d 747, 748 (5th Cir. 2007). Those four issues are: (1) whether the defendant did consent, (2) whether the consent was voluntary, (3) whether the search was within the scope of consent granted, and (4) whether the consenting individual had authority to consent. *Id.* at 748-49. Jackson's motion implicates only the first stage of this analysis: whether he did, in fact, consent to the search of his vehicle. He does not argue in the alternative that if he did consent, such consent was involuntary.[9] Nor does he contend  that the government exceeded the scope of the consent or

---

[7]R. Doc. No. 164-1, at 2.R. Doc. No. 170, at 1. The record reflects that the search revealed nine cellular phones, $4,588.00, and approximately ten plastic bags containing a total of 11.42 grams of a substance that tested positive for heroin. R. Doc. No. 170, at 3; R. Doc. No. 170-1.

[8] The Court has ordered that the video, which was manually submitted to the Court, be entered into the record. The video was not available to Jackson at the time he filed his motion to suppress. However, the government has since produced it to Jackson and the Court, and Jackson has had an opportunity to file a reply memorandum after reviewing the video. *See* R. Doc. Nos. 167, 171.

[9]*See* R. Doc. No. 164-1, at 6 ("The defense does not aver that Mr. Jackson's consent was involuntary. Rather, the defense avers that Mr. Jackson did not consent.").

that he lacked authority to consent to the search.

"Existence of consent is determined based on the totality of the circumstances." *Id.* at 749. The government has the burden to prove voluntary consent by a preponderance of the evidence. *Rounds*, 749 F.3d at 338. "The prosecutor's burden [to establish consent] cannot be discharged by showing no more than acquiescence to a claim of lawful authority." *Id.* However, the fact of consent may be inferred from a defendant's silence and failure to object after an officer has requested consent for the search. *See United States v. Jaras*, 86 F.3d 383, 390 (5th Cir. 1996).

The video and audio quality of the recording is satisfactory and unequivocally captured the course of events. The recording clearly demonstrates that during the traffic stop, while both were standing by the front passenger door to the vehicle, the officer asked Jackson if he had a "problem with me searching your vehicle?" to which Jackson immediately replied, "None" and Jackson then opened the vehicle's door.[10] The officer and Jackson then moved to the rear of the vehicle where the officer patted down Jackson.[11] Jackson then complied with the officer's request to stand at the front of the vehicle, and the officer returned to the front passenger door.[12] The officer then said he was going to "browse real quick and make sure you got nothing in here," to which Jackson immediately responded "Yeah, no problem."[13] The officer proceeded to search the vehicle without any objection from Jackson.

Considering the totality of these circumstances, the Court concludes that the video and audio recording establishes by a preponderance of the evidence that Jackson consented to the search. The

---

[10] Video, at 6:44–46.
[11] Video, at 6:46-7:22.
[12] Video, at 7:22-7:30.
[13] Video, at 7:30-31.

officer asked Jackson if Jackson had a problem with him searching the vehicle; Jackson then said "None" and, without hesitation, opened the door for the officer. The officer later reiterated his intent to search the vehicle, to which Jackson responded "Yeah, no problem." Jackson then voiced no objection to the search of his vehicle. The officer's express question, Jackson's affirmative verbal and physical response, and the lack of subsequent objection to the search lead to the inescapable conclusion that there was a consent to search. The Court is not persuaded by Jackson's arguments to the contrary.

First, Jackson apparently relies on minor inconsistencies between the officer's testimony at a state-court suppression hearing related to the same traffic stop.[14] As explained above, the video and audio recording is unequivocal and conclusively establishes the existence of consent, notwithstanding any minor error in the searching officer's memory at the prior suppression hearing regarding the specific wording of the consent given.

Second, Jackson contends that the video and audio does not reflect that Mr. Jackson replied to the officer's question of whether there was a "problem with me searching your vehicle?"[15] The audio clearly demonstrates that Jackson said "None" after he was asked that question. Jackson apparently takes the position that his statement of "None" was a continuation of his answer to the preceding question, which was whether there were narcotics or weapons in the vehicle.[16] The Court is not persuaded by this argument.

Any possible ambiguity as to whether Jackson's statement of "None" was in response to the request to search his vehicle or the earlier question regarding the presence of narcotics or weapon

---

[14] R. Doc. No. 164-1, at 3-4.
[15] R. Doc. No. 171, at 2.
[16] R. Doc. No. 171, at 2 ("Mr. Jackson *continued to say* 'Not at all; none.'").

4

is purely abstract. *See United States v. Price*, 54 F.3d 342, 345-46 (7th Cir. 1995) (concluding that consent was given because "the only conclusion to be drawn from the totality of the evidence is that [the occupant's] immediate response 'Sure' meant, 'Sure, go ahead," and not "'Sure, *I mind*'") (emphasis in original) (cited in *Dilley*, 480 F.3d at 748-49). Jackson said "None" while he opened the door for the officer, he later confirmed that he had "no problem" with the search, and he failed to object to the search as it proceeded. As was the case in *Price*, the only plausible interpretation of the video and audio, considering the totality of circumstances, is that Jackson consented to the search of the vehicle.[17]

The existence of consent is the only issue Jackson raises in his motion to suppress and the record establishes that he gave consent for the search. Accordingly,

**IT IS ORDERED** that the video recording be entered into the record.

**IT IS FURTHER ORDERED** that motion to suppress is **DENIED**.

New Orleans, Louisiana, June 2, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[17]The Court notes that the Louisiana Fifth Circuit Court of Appeals reached the same conclusion, holding in an unpublished opinion that Jackson "freely and voluntarily consented to the search of his vehicle." *State v. Jackson*, No. 14-K-363 (La. App. 5 Cir. Aug. 1, 2014).

5